UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JOHN S. PALMATIER & HEATHER A. PALMATIER,

    Debtors-Appellants,

 -v-            1:09-CV-220 (DNH)

WELLS FARGO FINANCIAL NATIONAL BANK,

    Creditor-Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| RICHARD CROAK & ASSOCIATES<br>Attorney for Debtors-Appellants<br>314 Great Oaks Boulevard<br>Albany, New York 12203 | RICHARD CROAK, ESQ. |
| HARRIS BEACH, PLLC<br>Attorneys for Creditor-Appellee<br>99 Garnsey Road<br>Pittsford, New York 14534 | KEVIN W. TOMPSETT, ESQ. |
| OFFICE OF THE CHAPTER 13 TRUSTEE –<br>ALBANY OFFICE<br>7 Southwoods Boulevard, 1st Floor<br>Albany, New York 12211 | ANDREA E. CELLI, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

  Debtors-Appellants John S. Palmatier and Heather A. Palmatier ("debtors") appeal from an order of Hon. Robert E. Littlefield, Jr., Chief United States Bankruptcy Court Judge for the Northern District of New York. Over debtors' opposition, Chief Judge Littlefield

ordered, inter alia, that creditor-appellee Wells Fargo National Bank ("creditor") has a validly perfected purchase money security interest in the debtors' home furniture set forth within the proof of claim submitted to the bankruptcy court. (See Order, Dkt. No. 1-1, 2.) The parties filed their briefs, and the appeal was taken on submission without oral argument.

## II. BACKGROUND

On June 13, 2007, debtors purchased furniture from local retailer Raymour & Flanigan for the sum of $2,969.89. Included in the total amount paid was $249.95 for a "Platinum Protection Plan." Debtors later filed a Chapter 13 bankruptcy petition on December 7, 2007, under which creditor was listed as having an unsecured claim to the purchase money for the furniture. On December 28, 2007, creditor filed a secured proof of claim for the remaining amount of money owed for the furniture, $2,852.89. (See Ex. B to Creditor's Opp'n to Debtors' Objection to Claim, Dkt. No. 3-4.)

In support of its proof of claim, creditor submitted three documents purportedly provided to the debtors at the time of purchase: (1) a sales order ticket signed by Mr. Palmatier; (2) a signature page also bearing Mr. Palmatier's signature; and (3) an unsigned credit card agreement. (See Ex. A to Creditor's Opp'n to Debtors' Objection to Claim, Dkt. No. 3-3.) By signing the signature page, Mr. Palmatier "acknowledge[d] receipt of a copy of the Wells Fargo Financial privacy Policy which was provided to [him] in a separate document." Id. at 3. Although the validity of Mr. Palmatier's signatures are not in dispute, the parties disagree as to whether the signature page offered in support of creditor's proof of claim corresponds to the credit card agreement or, alternatively, to a separate, unknown document.

The sales order ticket provides, in pertinent part: "SECURITY INTEREST.  You agree to give the applicable party (WFFNB or Raymour & Flanigan Furniture) a purchase money security interest in goods purchased in this transaction to the extent provided by law."  Id. at 2.  The signature page signed by Mr. Palmatier reads, in pertinent part:

> Signature. Your signature means that you have read and agree to the terms of our Credit Card Account Agreement and our Authorization Agreement.
> You give us and we will retain a purchase money security interest in goods purchased under this agreement.
> Forwarding applications.  If we do not approve your application for credit, you agree to allow us to forward your application to Raymour & Flanigan Furniture for consideration of credit approval.  Raymour & Flanigan Furniture will independently investigate, verify and consider your application.

Id. at 3.  Last, the credit card agreement bears the title, "Raymour & Flanigan Credit Card Account Agreement General Terms."  Id. at 4.  It reads, in pertinent part:

> To the extent permitted by applicable law, you hereby grant to us and we are retaining a purchase money security interest under the Uniform Commercial Code in the merchandise purchased on your account until such merchandise is paid for in full.  You agree to assist us in executing any document necessary to perfect our security interest.  If you do not make a minimum payment due on your account by the date on which it is due, we may prepossess any merchandise that has not been paid for in full.

Id. at 5.

Without amending their initial bankruptcy petition under which creditor's claim was listed as unsecured, debtors' Chapter 13 plan was confirmed by order on May 12, 2008 ("the confirmation order").  On September 9, 2008, debtors filed their objection to creditor's secured proof of claim.  Creditor filed its opposition to debtors' objection on October 6, 2008.  After conducting several hearings, Chief Judge Littlefield held: (1) debtors' confirmation order is not *res judicata* as to whether creditor's claim is secured or unsecured; (2) creditor has a validly perfected purchase money security interest in

debtors' furniture pursuant to the sales order ticket attached to the proof of claim; and (3) creditor's claim is fully secured for the $2,852.89 owed for the furniture pursuant to the paragraph following 11 U.S.C. § 1325(a)(9) (commonly referred to as the "hanging paragraph"). (Order, Dkt. No. 1-1, 1-2.) This timely appeal followed.

## III. STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and conducts a *de novo* review for conclusions of law. FED. R. BANKR. P. 8013; In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000); In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002).

## IV. DISCUSSION

Debtors raise three issues in their appeal: (1) whether the confirmation order is *res judicata* as to the status of creditor's claim because the Chapter 13 plan listed the claim as unsecured; (2) whether creditor's proof of claim established a valid purchase money security interest in the purchased furniture; and (3) whether the value of creditor's claim should be "crammed down" pursuant to 11 U.S.C. § 506 to the extent it includes non-purchase money components stated within the original sale price. These arguments will be addressed *in seriatim*.

### A. *Res Judicata*

The doctrine of *res judicata* will bar a subsequent action if

> 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same. In the bankruptcy context, we ask as well whether an independent judgment in a separate proceeding would impair,

> destroy, challenge, or invalidate the enforceability or effectiveness of the reorganization plan.

Corbett v. MacDonald Moving Servs., Inc., 124 F.3d 82, 88 (2d Cir. 1997) (internal quotations and citations omitted).

Whether a confirmation order constitutes a final judgment on the merits depends, in part, upon the availability of an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2). See In re Layo, 460 F.3d 289, 294 (2d Cir. 2006). In some cases, the requirement that an adversary proceeding be initiated in order to challenge the validity of a creditor's secured claim will dictate that a confirmation order is not a final judgment on the classification of that claim. See e.g., Cen-Pen Corp. v. Hanson, 58 F.3d 89, 93 (4th Cir. 1995). In other cases, "[w]here, at the outset, there is no dispute as to the basis of a lien," a confirmation order will constitute a final judgment on the merits because the parties are precluded from initiating an adversary proceeding in order to challenge the status of the claim. Layo, 460 F.3d at 295.

In Layo, the creditor filed a claim secured by a real estate mortgage after the debtor filed his Chapter 13 bankruptcy petition. Id. at 291. Rather than contest the classification of the claim, the debtor consented by including the secured claim within his bankruptcy plan. Id. After the plan was later confirmed by order of the bankruptcy court, the debtor stopped making payments on his debt, and the creditor initiated an adversary proceeding to foreclose on the mortgaged property. Id. In an effort to fight off foreclosure, the debtor attempted to challenge the classification of the creditor's claim. Id. Although the bankruptcy court permitted the challenge, the Second Circuit held that the order confirming the debtor's bankruptcy plan constituted a final judgment on the

merits and was therefore *res judicata* as to the secured status of the creditor's claim. Id. at 294-95. The Second Circuit emphasized that the debtor relinquished his opportunity to challenge the classification of the creditor's claim when he included the secured claim in his bankruptcy plan. Id. Otherwise, to allow a consenting party to later challenge an agreed-upon claim "would fly in the face of Congress' expressed intention that confirmation give debtors and creditors finality with respect to satisfaction of outstanding debt." Id. at 294.

In contrast to Layo, the classification of the claim at issue in Cen-Pen was disputed before the debtors' bankruptcy plan was ever confirmed. Cen-Pen, 58 F.3d at 91. Prior to the filing of the Cen-Pen debtors' bankruptcy petition, the creditor filed a state lawsuit for an order declaring the validity of its liens against the debtors' residence. Id. The debtors subsequently filed their bankruptcy petition, thereby staying the creditor's state lawsuit. Id. Notably, the debtors listed the creditor's claim in the bankruptcy plan as unsecured, and the creditor did not file an objection to the plan. Id. After the plan was confirmed, the creditor filed a complaint in bankruptcy court to determine the classification of its lien against the debtors' residence. Id. at 92. The Fourth Circuit concluded that the confirmation order was not a final judgment as to the classification of the creditor's claim. Id. at 92-93. The court explained that "[t]he simple expedient of passing their residence through the bankruptcy estate could not vest in the [debtors] a greater interest in the residence than they enjoyed prior to filing their Chapter 13 petition." Id. at 93 (citing In re Honaker, 4. B.R. 415, 417 (Bankr. E.D. Mich. 1980)).

As with Cen-Pen, and unlike Layo, the instant case concerns a claim that was in dispute prior to the confirmation of debtors' bankruptcy plan. Creditor filed its proof of

claim more than five months before debtor's plan was confirmed. Only after the confirmation order was entered did debtors file their objection to the creditor's proof of claim. As a result, they now try to benefit from the generally binding nature of a confirmed bankruptcy plan, see 11 U.S.C. § 1327, without ever having litigated the validity of creditor's secured claim. However, by virtue of its proof of claim, creditor avoided the preclusive effect of debtors' confirmed bankruptcy plan. Accordingly, this case is distinguishable from Layo to the extent that the parties never consented to creditor's secured claim, and the bankruptcy court properly concluded that the confirmation order is not *res judicata* as to the classification of the claim.

### B. The Validity of Creditor's Secured Claim

Debtors alternatively contend that there is insufficient documentation to support creditor's secured proof of claim. On appeal, the only argument debtors assert as to this issue is that creditor has not conclusively established that the signature page attached to its proof of claim correlates to the credit card agreement. (See Appellants' Br., Dkt. No. 5, 8.)

Regardless of any ambiguity as to whether the signature page reflects Mr. Palmatier's consent to the terms in the attached credit card agreement, the bankruptcy court properly concluded creditor has a validly perfected purchase money security interest in the debtors' furniture as set forth in the sales order ticket attached to the proof of claim. Under New York law, a "security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral." N.Y. U.C.C. § 9-203(a) (McKinney 2002). The security interest becomes enforceable so long as "(1) value has been given; (2) the debtor has rights in the collateral or the power to transfer rights in the

collateral to a secured party; and (3) . . . the debtor has authenticated a security agreement that provides a description of the collateral . . . ." Id. § 9-203(b).

The sales order ticket submitted in support of creditor's proof of claim describes the furniture purchased and the debtors' agreement to give creditor a purchase money security interest in the purchased goods.  (See Ex. A to Creditor's Opp'n to Debtors' Objection to Claim, Dkt. No. 3-3, 2.)  The same document incorporates either the terms of the credit card agreement with creditor, or alternatively, the terms of the credit card agreement with Raymour & Flanigan in the event creditor rejects the transaction.  Id.  It is particularly telling that debtors decline to expressly argue that any of the requirements of § 9-203(b) are not met.  For all of these reasons, the bankruptcy court's decision that creditor have a validly perfected purchase money security interest in debtors' furniture as set forth in the sales order ticket will be affirmed.

### C.  "Cramming Down" Pursuant to 11 U.S.C. § 506

Finally, debtors argue that even if creditor has a validly perfected purchase money security interest, its claim should be "crammed down" pursuant to 11 U.S.C. § 506 for the amount paid for the "Platinum Protection Plan" at the time of sale.  Under § 506(a), an allowed secured claim may be bifurcated into secured and unsecured portions if the value of the collateral is less than the debt owed.  AmeriCredit Financial Servs., Inc. v. Tompkins, 604 F.3d 753, 756 (2d Cir. 2010).  The value of the property will be assigned to the secured portion, and the remaining balance of the debt will become an unsecured claim.  Id. (citing In re Wright, 492 F.3d 829, 830 (7th Cir. 2007)).

Despite the cram down provision under § 506, the hanging paragraph following 11 U.S.C. § 1325(a) "describes two situations in the context of Chapter 13 plans in which

- 8 -

section 506(a)'s general prescription for dividing inadequately secured claims into their secured and unsecured parts do not apply." AmeriCredit Financial Servs., 604 F.3d at 756. Under the second situation provided in the hanging paragraph, which applies here, a secured claim may not be crammed down so long as (1) the collateral consists of anything of value and (2) the debt was incurred within one year of the filing date for the debtor's bankruptcy petition.

Although the debt here was secured by collateral consisting of value, i.e., the furniture, and was incurred less than a year before the filing of the bankruptcy petition, debtors nevertheless contend that "the inclusion of non-purchase money components in the sale prices destroy [sic] the anti-cramdown protection." (Appellants' Br., Dkt. No. 5, 9.) Although debtors make a brief citation to In re Petrocci, 370 B.R. 489 (Bankr. N.D.N.Y. 2007) and Gen. Motors Acceptance Corp. v. Peaslee, 373 B.R. 252 (W.D.N.Y. 252), they fail to discuss how these cases support their argument against application of the anti-cramdown provision provided in the hanging paragraph following § 1325(a). Additionally, neither of the cases lend support to their argument. Therefore, the bankruptcy court's decision not to bifurcate creditor's secured claim pursuant to § 506(a) will be affirmed, and the claim shall be fully secured in the amount of $2,852.89.

## V. **CONCLUSION**

The bankruptcy court's order entered on January 26, 2009 must be affirmed in all respects. As a preliminary matter, the confirmation order is not *res judicata* on the issue of whether creditor's claim is secured because the classification of the claim was in dispute well before debtor's bankruptcy plan was confirmed. To hold otherwise would be to allow the debtors to actively seek confirmation of their bankruptcy plan while ignoring the pendency of

creditor's secured proof of claim.  Second, creditor has a validly perfected purchase money security interest.  The documentation supporting its proof of claim is strong evidence of a security agreement with debtors which contained a description of the collateral.  Finally, the anti-cramdown provision in the paragraph following § 1325(a) applies here because the debt was secured by collateral consisting of value and incurred less than a year before the filing of debtors' bankruptcy petition.

    Therefore, it is

    ORDERED that

    The January 26, 2009 Order of the Bankruptcy Court is AFFIRMED.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: June 14, 2010
      Utica, New York